IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 19-00002 |
| Plaintiff, | |
| vs. | **REPORT & RECOMMENDATION CONCERNING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS IN A FELONY CASE** |
| JIMMY AFAISEN, | |
| Defendant. | |

Pending before the court are a petition and supporting declaration (together, the "Violation Petition) filed on September 7, 2021, and eight supplemental declarations. *See* ECF Nos.65, 69, 80, 83, 85, 87-88, 90 and 92. Together, these documents alleged the Defendant violated his supervised release conditions as follows:

1. Admitted to the use of a controlled substance(s) seven times (to "meth" use on July 21 and 29, 2021, April 10[1] and 24, 2022, May 27, 2022, and June 8, 2022; and to use of "methamphetamine/amp" on March 18, 2022);

2. Tested positive for the use of a controlled substance(s) seven times (for amphetamine on July 27, 2021; for methamphetamine on August 16, 22 and 30, 2021, April 20, 2022, and June 7, 2022; for marijuana metabolite and methamphetamine on May 19, 2022)

3. Failed to appear for drug testing four times (August 21, 23 and 24, 2021, and May 12, 2022,); and

4. Failed to participate in five substance abuse counseling sessions (March 15, 22 and 29,

---

[1] The admission to use of methamphetamine on April 10, 2022, is noted in the Third Supplemental Declaration, *see* ECF No. 83 at 2, but this violation was inadvertently omitted from the violation worksheets.

2022, April 5, 2022, and May 27, 2022).

On September 23, 2021, the Defendant entered admissions to the allegations set forth in the Violation Petition and the Supplemental Declaration. *See* Minutes, ECF No. 70. Additionally, on April 12, 2022, the Defendant entered admissions to the allegations in the Second Supplemental Declaration. *See* Minutes, ECF No. 81. Finally, on August 16, 2022, the Defendant entered admissions to all the violations set forth in the Third through Eighth Supplemental Declarations. *See* Minutes, ECF No. 96. Having heard argument from the parties, the court now issues this Report and Recommendation as to an appropriate disposition for the supervised release violations.

## BACKGROUND

### A.  Conviction and Sentence

On August 13, 2019, the Defendant was sentenced to six months' imprisonment, followed by three years of supervised release for the offense of Possession of Cocaine Hydrochloride with Intent to Distribute, a Class C felony. *See* J., ECF No. 26. Among various conditions of supervised release imposed, the Defendant was ordered to refrain from the unlawful use of controlled substances, submit to drug testing and participate in a substance abuse treatment program. *Id.* at 4-5.

Defendant served his sentence and commenced his original term of supervised release on February 28, 2020.

### B.  Post-Conviction Conduct

On November 20, 2020, the Defendant's term of supervised release was revoked, and he was sentenced to three months' imprisonment, followed by 33 months of supervised release. *See* Revocation J., ECF No. 45. The revocation was based on the Defendant's admissions that he tested positive for methamphetamine use and admitted to the use of "meth" on nine occasions. *Id.* and Report and Recommendation, ECF No. 42.

On May 21, 2021, the Defendant's supervised release was revoked a second time. *See* Revocation J., ECF No. 62. The Chief Judge sentenced him to four months' imprisonment and 29 months of supervised release after he admitted to the use of controlled substances on numerous occasions, failed to report for five drug tests, and failed to attend two substance abuse treatment sessions. *Id.* and Report and Recommendation, ECF No. 58.

The Defendant's current term of supervision commenced on July 9, 2021.

## CURRENT VIOLATIONS

**A.    Filing of Violation Petition**

On September 7, 2021, the probation officer filed the instant Violation Petition alleging the Defendant committed the following violations:

| DATE | ACTION |
| --- | --- |
| July 21, 2021 | Defendant tested presumptive positive for methamphetamine during drug testing at the Lighthouse Recovery Center ("LRC"). He signed an admission form indicating he used "meth" on that date. |
| July 27, 2021 | Defendant tested presumptive positive for the use of amphetamine and methamphetamine during drug testing at LRC. He denied using illicit substances, but a lap report received on August 9, 2021, confirmed the presence of amphetamine in the urine specimen. |
| July 30, 2021 | Defendant tested presumptive positive for methamphetamine during drug testing at LRC. He signed an admission form indicating he used "meth" on July 29, 2021. |
| August 16, 2021 | Defendant tested presumptive positive for the use of methamphetamine during drug testing at LRC. He denied using illicit substances, so the sample was sent for lab analysis. A report received on September 2, 2021, confirmed the presence of methamphetamine. |
| August 21, 2021 | Defendant failed to report to LRC for scheduled drug tests. He also did not contact his probation officer the day following each missed test as required to discuss the noncompliance and schedule a drug test. |
| August 23, 2021 | |
| August 24, 2021 | |

The probation officer also reported that on August 27, 2021, the Defendant was informed that a bed space became available for him at the LRC residential treatment program. He was instructed to report to Guam Memorial Hospital on August 30, 2021, for a COVID test and a drug screen. The lab report indicated that Defendant was positive for methamphetamine.

The Defendant entered the LRC residential program on August 30, 2021, but was admitted to the detox/quarantine room.

At the request of the probation officer, the court ordered that a summons issue for the Defendant to appear on September 23, 2021, to answer to the alleged violations. *See* Order, ECF No. 67.

///

**B.    Filing of Supplemental Declaration**

On September 21, 2021, the probation officer filed a Supplemental Declaration, *see* ECF No. 69, alleging that the Defendant tested presumptive positive when he submitted to a drug test at LRC on August 22, 2021. The Defendant denied using illicit substances, but a lab report received on September 9, 2021, confirmed the sample was positive for methamphetamine.

**C.    Initial Appearance and Admissions**

On September 23, 2021, the Defendant appeared before the court, and the Federal Public Defender was appointed to represent him. *See* Minutes, ECF No. 70, and Appointment Order, ECF No. 72. The Defendant entered admissions to all the pending violations. Because the Defendant was in the LRC residential program, the court allowed the Defendant to remain on release, and a status hearing was set for December 21, 2021.[2]

**D.    Further Court Hearing**

On February 17, 2022, the Defendant appeared before the court for a status hearing. *See* Minutes, ECF No. 77. Ms. Kottke reported that the Defendant was still in LRC for three more weeks and said that the Defendant is interested in getting into the DORE program after the disposition on the violations. Ms. Kottke requested that the parties return after the Defendant's anticipated graduation from the LRC residential program to present their arguments on disposition. Without objection, the matter was continued to March 31, 2022.[3]

**E.    Filing of Second Supplemental Declaration**

On April 6, 2022, the probation officer filed a Second Supplemental Declaration alleging additional violations of the Defendant's supervised release conditions. *See* ECF No. 80. These new violations are as follows:

///

///

---

[2] On December 20, 2021, the court granted the unopposed motion to continue the status hearing to February 2022 to allow the Defendant to complete the residential treatment program before moving forward with the revocation proceeding. *See* ECF Nos. 74-75.

[3] The hearing was rescheduled to April 12, 2022, based on the court's scheduling needs.

| DATE | ACTION |
|---|---|
| March 15, 2022 | Defendant failed to attend his first group and individual sessions,[4] claiming he had transportation issues. |
| March 19, 2022 | Defendant tested presumptive positive for the use of amphetamine and methamphetamine during drug testing at LRC. He signed an admission form indicating that he used "methamphetamine/amp" on March 18, 2022.<br><br>On March 20, 2022, the probation officer sent the Defendant a text message instructing him to report to the probation office on March 21, 2022, at 10:00 a.m. for a noncompliance meeting. The following day, the Defendant telephoned the probation officer at 4:12 pm to inquire when he need to report. He claimed he did not see the text message sent the previous day to report at 10 am on March 21. The probation officer told him to report immediately following his drug testing that day, but the Defendant called the probation officer back at 4:20 p.m. to ask if he could report on March 22nd instead because he had to pick up his wife. The probation officer agreed and instructed him to report on March 22 at 11:00 a.m. |
| March 22, 2022 | Defendant failed to appear for his treatment sessions at LRC from 9:00 a.m. to noon. He claimed he could not make his sessions because he had an appointment scheduled with the probation officer at 11:00 a.m.[5] |
| March 29, 2022 | Defendant again failed to appear for his treatment sessions at LRC from 9:00 a.m. to noon. |
| April 5, 2022 | Defendant again failed to appear for his treatment sessions at LRC from 9:00 a.m. to noon.<br><br>The following day, the probation officer contacted the Defendant and asked why he had missed his counseling sessions. He said that he did not need group counseling and wanted to change his counselor for the individual sessions because he felt he was being treated "unfairly." The Defendant also stated he though counseling was not mandatory. |

**F.  Subsequent Court Hearings, Further Admissions and Defendant's Temporary Detention**

On April 12, 2022, the Defendant appeared before the court. *See* Minutes, ECF No. 81. The probation officer orally amended the Second Supplemental Declaration to include a new violation

---

[4] After the Defendant's successful completion of the LRC residential program on March 8, 2022, his counselor scheduled him to attend group and individual counseling sessions every Tuesday morning (9:00 a.m. to noon) as part of his after-care treatment program.

[5] The Defendant sent the probation officer a text message at 10:58 am asking to reschedule the meeting to March 25, 2022, because the Defendant claimed he needed to pick up his daughter after school and his wife at the end of the day. The probation officer agreed. The Defendant, however, failed to report to the probation office on March 25, 2022, as discussed.

after the Defendant tested presumptive positive for methamphetamine on a drug test administered just prior to the hearing, with the Defendant admitting that he used methamphetamine on April 10, 2022. The Defendant then admitted to all the allegations in the orally revised Second Supplemental Declaration. Ms. Kottke stated that the Defendant had relapsed, but asked that he be placed on location monitoring instead of being detained. She said that the Defendant slips when he leaves his home to meet with friends and acquaintances, so she claimed that having him on location monitoring to stay home would help keep him away from these temptations. She also asked that the Defendant's treatment services be transferred to WestCare Pacific Islands, Inc. ("WestCare"), and the probation officer stated she would work on trying to get that referral. At the request of the probation officer and government, the court ordered the Defendant detained for at least one week. The court stated it was unreasonable for the Defendant to think that he no longer needed treatment sessions after he finished his residential program. The court then set the matter for a status hearing in one week.

On April 19, 2022, the parties again appeared before the court. *See* Minutes, ECF No. 82. The court ordered that the Defendant be released and admonished him to comply with his supervised release conditions and attend counseling sessions. A status hearing was then set for May 3, 2022, to see how the Defendant had been progressing with his treatment sessions.

**G.     Filing of Third Supplemental Declaration**

On May 2, 2022, the probation officer filed a Third Supplemental Declaration, *see* ECF No. 83, alleging that the Defendant tested presumptive positive for methamphetamine use on April 20 and 25, 2022. The Defendant denied drug use on April 20, 2022, and the urine specimen was sent for lab analysis. Said results were still pending at the time of the filing of the Third Supplemental Declaration. As for the positive on April 25th, the Defendant signed a form admitting to the use of "meth" on April 24, 2022.

**H.     Additional Court Hearing**

On May 3, 2022, the Defendant appeared before the court. *See* Minutes, ECF No. 84. The probation officer noted that a Third Supplemental Declaration had been filed and reported that the Defendant tested negative on his last two drug tests and was scheduled for weekly sessions with WestCare. The Defendant also reported that he was attending NA. Although the probation officer

recommended that the Defendant be detained, the court allowed him to remain on release because he tested negative twice on recent tests. The court instructed the Defendant to continue attending treatment and to stay on track. The court also warned him that if he began to start testing positive again, then he would be detained. The court encouraged the Defendant to start looking for work because he had to be an example to his children and to take advantage of the resources available to him through the probation office and treatment sessions. Without objection, the Defendant's answering on the Third Supplemental Declaration was continued to May 26, 2022.

**I.    Filing of Fourth Supplemental Declaration**

On May 25, 2022, the probation officer filed a Fourth Supplemental Declaration, *see* ECF No. 85, alleging the following new violations:

*Tested positive for methamphetamine*

On April 20, 2022, the Defendant tested presumptive positive for methamphetamine when he reported to LRC for a drug test.[6] He denied any drug use, so the sample was sent for lab analysis. Lab results received on May 9, 2022, confirmed the presence of methamphetamine in the sample.

*Missed drug test*

On May 12, 202, the Defendant failed to appear at LRC for his drug test. The probation officer sent the Defendant a text message instructing him to report to LRC for a make-up drug test the following day and to provide an explanation for not appear for the May 12th drug test. The Defendant acknowledged receipt of the text message and reported to LRC on May 13, 2022, and tested negative. The Defendant did not explain why he missed the drug test scheduled on May 12, 2022.

**J.    Further Court Hearing**

On May 26, 2022, the parties appeared before the court. *See* Minutes, ECF No. 86. Ms. Kottke stated the Defendant would admit to the allegation in the Third Supplemental Declaration, but she had not had an opportunity to discuss the additional allegations noted in the

---

[6] This presumptive positive was noted in the Third Supplemental Declaration, which also indicated that the lab results were still pending as of the filing of said declaration.

recently filed Fourth Supplemental Declaration with the Defendant. She noted that he just had his third child and although he was not presently employed, he had an interview with International Distributers scheduled for the first week of June. The probation officer reported that the Defendant had been testing negative on all subsequent tests and was participating in counseling, although he missed some sessions because of the birth of his child and to attend the eighth grade promotion ceremony for another child. The court admonished the Defendant and stated he had no further reason to miss any other drug test unless the Defendant was in the hospital. The court agreed to allow the Defendant to remain on release since he continued to test negative since the filing of the Fourth Supplemental Declaration and continued the answering to June 9, 2022.

**K.    Filing of Fifth Supplemental Declaration**

On June 3, 2022, the probation officer filed a Fifth Supplemental Declaration, *see* ECF No. 87, alleging two new violations as discussed below:

*Admission to drug use*

On May 28, 2022, the Defendant submitted to a drug test, which was presumptive positive for methamphetamine. He signed a form admitting to the use of "meth" on May 27, 2022. He was subjected to another drug test on May 30, 2022, which was also presumptive positive. The Defendant claimed that this positive was attributed to his earlier admission of drug use on May 27th. The probation officer called the Defendant on June 2, 2022, to discuss his admitted drug use. The Defendant said that he drove to a friend's house to pick up drugs but was "all good now."

*Missed treatment session*

On May 27, 2022, the Defendant failed to appear for a group counseling session with WestCare. When the probation officer discussed this with the Defendant, he claimed that he went to Westcare at 12:20 p.m. that day, believing that his appointment was for 12:30 p.m. After waiting 10 minutes, he left because no one was there. The probation officer asked if the Defendant had attended any self help groups. He initially stated he had attended "several" but then later stated that he had not attended any sessions since his last court hearing.

The probation officer also asked the Defendant the date of his next individual session. The Defendant stated that his counselor (Lavina Camacho) was off-island so his sessions were on hold.

The probation officer informed the Defendant that Ms. Camacho had instructed him to contact an alternate counselor (Marleen Castro) if he needed help, and since the Defendant admitted to drug use on May 27, 2022, the probation officer asked why he had not reached out for help from another counselor. The Defendant's excuse twas that he did not know Ms. Castro's phone number, and he did not feel he could open up to her about his drug use. The probation officer provided Ms. Castro's number to the Defendant and instructed him to immediately contact her for a session.[7]

**L.   Filing of Sixth Supplemental Declaration**

On June 7, 2022, the probation officer filed a Sixth Supplemental Declaration, *see* ECF No. 88, alleging that the Defendant submitted to a drug test at LRC on May 19, 2022, but the specimen was sent for lab analysis. The lab report received by the probation office on June 6, 2022, indicated that the urine sample was positive for marijuana metabolite.

**M.   Subsequent Court Hearing and Defendant's Detention**

On June 9, 2022, the parties appeared before the court, and the court stated that the probation officer informed the court that the Defendant tested presumptive positive for methamphetamine when the Defendant was tested just prior to the start of the hearing and would likely result in the filing of a seventh supplemental declaration. The court continued the matter for two weeks and ordered that the Defendant be detained until the next hearing. The court also encouraged the Defendant to look into possible residential treatment. Without objection, the matter was continued to June 23, 2022.[8]

**N.   Filing of Seventh Supplemental Declaration**

On June 16, 2022, the probation officer filed a Seventh Supplemental Declaration, *see* ECF No. 90, alleging that the Defendant submitted to a drug test at LRC on May 19, 2022, and the sample was sent for lab analysis. The lab issued multiple reports because of the different substances found

---

[7] Following her discussion with the Defendant on June 2, 2022, the probation officer spoke with Ms. Castro who reported that group meetings are held on Fridays at 1:00 p.m. and that the time and location of the meetings had not changed.

[8] At the request of defense counsel, the matter was continued to August 16, 2022. *See* ECF Nos. 94-95.

in the urine specimen. The Sixth Supplemental Declaration indicated that the May 19th specimen tested positive for marijuana metabolite, but another lab report received by the probation office indicated that the specimen was also positive for methamphetamine.

Additionally, the probation officer noted that the Defendant submitted to a drug test prior to the June 9th court hearing, and that specimen appeared very clear. The Defendant admitted that he smoked "meth" on June 8, 2022, and consumed large amounts of water prior to reporting to the probation office. He also signed an admission form to said drug use.

**O.  Filing of Eighth Supplemental Declaration**

On June 22, 2022, the probation officer filed an Eighth Supplemental Declaration, *see* ECF No. 92, alleging that the Defendant tested presumptive positive for methamphetamine when he submitted to a drug test at LRC on June 7, 2022. The specimen was sent for lab analysis, and the results received on June 22, 2022, confirmed it was positive for methamphetamine.

**P.  Admissions to Remaining Violations**

On August 16, 2022, the parties appeared before the court. *See* Minutes, ECF No. 96. The Defendant entered admissions to all the allegations in the Third through Eighth Supplemental Declarations. The parties then presented their respective arguments as to an appropriate sentence for the violations, and the court ordered the Defendant to remain detained pending the final disposition hearing. Having reviewed the record herein and considered the parties' recommended sanctions, the court now issues this Report and Recommendation.

## LEGAL STANDARD

The standard of proof for revocation of supervised release is governed by statute. A district court may revoke a term of supervised release only if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). *See also United States v. Lomayaoma*, 86 F.3d 142, 147 (9th Cir. 1996) ("for purposes of a supervised release revocation hearing, the district court need only conclude that a preponderance of the evidence supports" revocation). Revocation is mandatory if a defendant fails to comply with required drug testing or tests positive for controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g)(3) and (4).

**PARTIES' RESPECTIVE POSITIONS AND FACTORS CONSIDERED**

According to the Eighth Amended Violation Worksheet, all the allegations are Grade C violations, which carry the potential for 3-9 months of imprisonment, based on the Defendant's criminal history category of I, followed by 20-26 months of supervised release. *See* Eighth Violation Worksheet at ¶¶7-10 and 13, ECF No. 96-1. Because the Defendant's underlying offense of conviction was a Class C felony, he faces a maximum possible revocation sentence of not more than two years of additional imprisonment.

The Defendant is subject to mandatory revocation since he tested positive for controlled substances more than three times over the course of one year and failed to comply with drug testing. This is the Defendant's third revocation proceeding. His underlying conviction was for a Class C offense, so the statutory maximum revocation sentence he faces is two years. His prior revocation sentences were for three months and four months, so the maximum available here is 17 months.

Defense counsel recommended a six-month split sentence of three months' imprisonment and three months of home detention with location monitoring. Ms. Kottke stated that the Defendant recently had another child, and this time away from his family has really "jolted" him to realize that he does not like being incarcerated and away from his family. She noted that all of his violations are related to his drug addiction, for which he receives no treatment while detained. She argued that the recommended sentence would allow him to obtain intensive treatment and also help care for his son. Ms. Kottke asserted that the Defendant has the support of his family and was willing to try the DORE program once this revocation proceeding is finalized. The Defendant also addressed the court and stated that he was really sorry and that this time in jail allowed him to "re-set."

The probation officer noted this was the Defendant's third revocation proceeding and that he faces mandatory revocation. In light of the numerous violations, the probation officer recommended a sentence of six months' imprisonment, followed by 23 months of supervised release.

The government supported the probation officer's recommendation. Ms. David noted that the Defendant's last revocation proceeding was in May 2021, and within two months he began violating his release conditions. She asserted that a six-month sentence was appropriate given the record and the Defendant's performance history.

While the court understands the government and probation officer's desire to impose a harsher sentence than the Defendant received for his first two revocation proceedings, the court has maintained that graduated sanctions are not always appropriate, especially in cases like this where a person with a drug addiction will not receive needed treatment while incarcerated. To his credit, the Defendant entered the LRC residential program on August 30, 2021, and completed the program earlier this year. But, like most addicts, the Defendant continued to struggle and relapsed. Throughout this process, the Defendant continued to come to all his court proceedings and owned up to his drug use, unlike many other offenders who would have quickly absconded from supervision. The court is willing to take another chance on the Defendant, especially because he has the support of his family during his recovery period. The court believes the Defendant is sincere when he said that he's struggled with this latest period of detention and is interested in participating in the DORE program once released. This program will offer the Defendant a more structured treatment regimen and greater supervision through regular, monthly meetings with the court and DORE team. The court believes that a four-month imprisonment sentence – which is greater than the minimum guidelines sentence – is appropriate because it provides just punishment, affords adequate deterrence and gives the Defendant an opportunity to get back into substance abuse treatment within a reasonable period.

## RECOMMENDATION BY MAGISTRATE JUDGE

Having considered the above factors, the undersigned recommends the Chief Judge (1) accept the Defendant's admissions to the violations noted above, (2) revoke the Defendant's supervised release term and (3) sentence him to four months' imprisonment, with credit for time served,[9] followed by 25 months of supervised release.

///

///

///

---

[9] The Defendant was detained between April 12-19, 2022, and again on June 9, 2022, to the present, for a total of 91 days of confinement credit as of the date of this Report and Recommendation.

A disposition hearing shall be held on September 13, 2022, at 1:30 p.m., unless otherwise rescheduled by the Chief Judge.

IT IS SO RECOMMENDED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Aug 30, 2022

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge.  28 U.S.C. § 636(b)(1)(B).**

United States v. Jimmy Afaisen, Criminal Case No. 19-00002
Report & Recommendation Concerning Violations of Supervised Release Conditions in a Felony Case

Case 1:19-cr-00002    Document 97    Filed 08/30/22    Page 13 of 13